IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALEED M. ESADDI,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:26-CV-086-K-BW |
| AMAZON.COM SERVICES, LLC,<br>Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Amazon.com Services, LLC's ("Amazon") motion to dismiss Plaintiff Waleed M. Esaadi's lawsuit pursuant to Federal Rules of Civil Procedure12(b)(5) and 12(b)(6) (Dkt. No. 13 ("Motion" or "Mot.")), accompanied by an appendix in support (Dkt. No. 14 ("D. App.")). Esaadi filed a response (Dkt. No. 16 ("Resp.")), and Amazon filed a reply (Dkt. No. 19 ("Reply")).

This case was automatically referred to the undersigned magistrate judge for case management and recommendation on claim-dispositive motions pursuant to 28 U.S.C. § 636(b) by Special Order 3-251. (*See* Dkt. No. 1.) Based on the relevant filings and applicable law, the undersigned recommends that the Motion (Dkt. No. 13) be granted in part and denied in part such that Esaadi should be required to properly serve Amazon and have an opportunity to plead his best case.

## I. BACKGROUND

Esaadi, proceeding pro se, filed this civil action on January 13, 2026, asserting claims of discrimination based on race, national origin, and religion, in violation of

Title VII, 42 U.S.C. § 2000e *et seq.*; age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; retaliation under both Title VII and the ADEA; and hostile work environment under Title VII. (*See* Dkt. No. 1 ("Complaint" or "Compl.").)

Esaadi alleges that he worked at Amazon for about two months—from October 4 until December 8, 2023. (*Id.* ¶ 3.) According to the allegations in Esaadi's Complaint, he was employed "as a merchandise loader/unloader responsible for processing items delivered via robotic carts," performed his duties in a satisfactory manner, and received positive feedback and compliments from multiple supervisors. (*Id.* ¶¶ 5-6.) He alleges that during his employment, a manager identified as Sherry Willenborg "approached [him] in an inappropriate and harassing manner," asked personal questions about his race, national origin, age, and religion, made unwelcome physical contact, and addressed him "in a hostile and intimidating tone." (*Id.* ¶ 7.)

He further alleges that he reported this conduct to Amazon Human Resources ("HR"), and thereafter, Amazon engaged in "retaliatory actions" that included interfering with his work performance by stopping robotic carts and issuing false disciplinary write-ups alleging poor performance based on the reduced workflow. (*Id.* ¶ 9.) According to Esaadi, "[his] younger co-workers (ages 18-25) continued to receive full workloads via robotic carts, while [he] was denied this opportunity." (*Id.*

¶ 10.) He alleges that he "inform[ed] management of this issue, including Ms. Sharer Brew, [but he] was told the decision came from 'top management.'" (*Id.* ¶ 11.)

Esaadi was terminated on December 8, 2023, and alleges that the stated reason for his termination—poor performance—was pretext for discrimination based on age, race, national origin, and religion. (*Id.* ¶ 12.) He filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 13.) Although Esaadi did not attach a copy of the EEOC charge or any other materials to his complaint (*see generally* Compl.), Amazon submitted a copy of the charge in support of its motion to dismiss (*see* D. App. 11). Esaadi later submitted a copy of EEOC correspondence dated January 6, 2026 (see Dkt. No. 16 at ECF p. 29-30), and a copy of the Notice of Right to Sue issued on January 12, 2026 (*see id*. at ECF p. 31-32).

On January 14, 2026, the Court entered an order apprising Esaadi of his responsibility to have someone serve Amazon in a manner prescribed by Fed. R. Civ. P. 4. (Dkt. No. 4.) On January 29, 2026, a proof of service was filed showing that a process server made an unsuccessful attempt to serve Amazon. (Dkt. No. 6.) Notes indicate that the process server was told that all legal documents must go to CSC—the company's apparent registered agent—in Austin, Texas. (*Id.*) After a summons was reissued on January 30, 2026 (Dkt. No. 8), Esaadi filed a proof of service on February 23, 2026, showing that on February 10, 2026, a process server delivered documents in person to "Amazon Corporations, Legal Department," at

"300 Deschutes Way SW Suite 208 MC-CSC1, in Tumwater, WA 98501." (*See* Dkt. No. 9 at ECF p. 1.)

Amazon filed the present motion and appendix on March 24, 2026, after which Esaadi filed a response on March 30, 2026, attaching forty-eight pages of documents. Then, on April 6, 2026, Esaadi filed what appears to be a second response, attaching sixteen pages of documents. (Dkt. No. 18.) The Court's Local Rules do not permit a party to file more than one brief in response to a motion. *See* N.D. Tex. LR 7.1(d). As the undersigned finds that Esaadi's second response is duplicative of the arguments and documents presented in his initial response (*compare* Docket No. 16 *with* Dkt. No. 18), the second response (Dkt. No. 18) is **STRICKEN**, and only the initial response (Dkt. No. 16) is considered. Having been fully briefed, the Motion (Dkt. No. 13) is ripe for consideration.

## II. LEGAL STANDARDS

### A. Rule 12(b)(5)

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure." *McAfee v. Lear Corp.*, No. 3:24-CV-1811-D, 2024 WL 5012063, at *1 (N.D. Tex. Dec. 6, 2024) (internal quotation marks omitted). A defendant may challenge the method of service that has been attempted under Fed. R. Civ. P. 12(b)(5). *See id.* "When such a motion is filed, the serving party bears the

burden of proving the validity of service or good cause for failure to timely serve." *Id.* (internal quotation marks and brackets omitted).

While dismissal for insufficient service of process is proper, "a district court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service." *Neely v. Khurana*, No. 3:07-CV-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008). In fact, district courts have the discretion to grant extensions to effect proper service ''even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996) (citing Advisory Committee's Notes on Fed. R. Civ. P. 4). Accordingly, a court may decide that quashing service and extending time for re-service, rather than dismissing the case, is better suited for cases where there is "a reasonable prospect that Plaintiff will be able to serve Defendant properly." *Coleman v. Carrington Mortg. Servs., LLC*, No. 419CV00231ALMCAN, 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020).

**B. Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Bramlett v. Med. Protective*

*Co. of Fort Wayne, Ind.*, 855 F. Supp. 2d 615, 618 (N.D. Tex. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (first alteration added, internal quotation marks omitted)). To state a claim upon which relief can be granted and defeat a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). But the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, the Court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Subject to

the caveats discussed above, the pleadings include the complaint and documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The ultimate question is whether the complaint plausibly states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). It is well established that a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotations omitted). "Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). And "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

## III. ANALYSIS

Esaadi asserts claims of discrimination and retaliation based on race, national origin, and religion, in violation of Title VII and the ADEA, and hostile work

environment under Title VII. (*See* Compl.) Amazon contends that this action should be dismissed on multiple grounds.

First, Amazon asserts that the case should be dismissed under Fed. R. Civ. P. 12(b)(5) because the record does not reflect that Amazon has been properly served with a summons and complaint. Second, Amazon advances a motion to dismiss under Fed. R. Civ. P. 12(b)(6) based on arguments that Esaadi did not exhaust some of his claims and has not sufficiently stated a claim as to all of them.

In addition, Amazon objects to new factual allegations in Esaadi's Response that were not contained in his Complaint, as well as several pages of attachments submitted by Esaadi in an apparent attempt to support factual allegations asserted in his Complaint or the newly asserted factual allegations asserted in his Response.

**A. Amazon's Objections to Esaadi's Response to the Motion to Dismiss**

As noted above, Esaadi's Response includes new factual allegations and attachments that were not included in his Complaint (*see generally* Resp.), to which Amazon filed objections in its Reply (*see* Reply at 2-4). Although Amazon formally objects to paragraphs 1-6, 8-9, 11, 13, and 15-17 of Esaadi's Response (*see* Reply at 2-3), the undersigned finds that paragraphs 1, 2, 3, 5, 9, 10, 11 of the Response can be fairly construed as having been presented in Esaadi's Complaint.

> Paragraph 1 of the Response is sufficiently similar to allegations contained in paragraphs 3 and 5 of the Complaint. (*Compare* Resp. ¶ 1 *with* Compl ¶¶ 3, 5.)

> Paragraphs 2, 3, and 5 of the Response are sufficiently similar to allegations contained in paragraphs 9 and 10 of the Complaint. (*Compare* Resp. ¶¶ 2, 3, 5 *with* Compl ¶¶ 9, 10.)
>
> Paragraphs 9 and 10 of the Response are sufficiently similar to allegations contained in paragraphs 8 and 9 of the Complaint. (*Compare* Resp. ¶¶ 9, 10 *with* Compl ¶¶ 8, 9.)
>
> Paragraph 11 of the Response is sufficiently similar to allegations contained in paragraph 11 of the Complaint. (*Compare* Resp. ¶ 11 *with* Compl ¶ 11.)

Accordingly, Amazon's objections to paragraphs 1, 2, 3, 5, 9, 10, 11 of the Esaadi's Response are **OVERRULED**.

With respect to paragraphs 4, 6, 8, and 13, however, the undersigned finds that these allegations were not asserted in Esaadi's Complaint. Specifically, Esaadi did not allege in his Complaint that:

> A supervisor provided a written statement confirming that robotic systems were placed on hold during Plaintiff's working hours (Resp. ¶ 4);
>
> [M]anagement manipulated performance conditions in order to justify termination before the end of the probationary period (Resp. ¶ 6);
>
> [M]anagement made derogatory comments, including calling Plaintiff 'old man' and questioning his ability to keep up" (Resp. ¶ 8);
>
> A manager approached Plaintiff in an aggressive and threatening manner, warning him against contacting Human Resources (Resp. ¶ 13).

"This court has repeatedly held that, when ruling on a motion to dismiss, the court does not consider additional facts that are alleged in a response brief but not in the complaint." *Obinyan v. Prime Therapeutics LLC*, No. 3:18-CV-0933-D, 2019 WL 5647955, at *3 (N.D. Tex. Oct. 31, 2019) (citing *Wilson v. Deutsche Bank Tr. Co. Ams.*,

2019 WL 2578625, at *4 (N.D. Tex. June 24, 2019)); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint[.]"). Accordingly, Amazon's objections to paragraphs 4, 6, 8, and 13 of Esaadi's Response are **SUSTAINED**.

Amazon also objects that Esaadi's Response "improperly attaches thirty-four pages of documents . . . in an attempt to support his alleged factual allegations asserted in his Complaint—or the newly asserted factual allegations asserted in his Response." (Reply at 3 (citing Resp. at ECF p. 14-25, 29-51).) Amazon argues that none of these documents are referenced in Esaadi's Complaint, and therefore they should not be considered. (*Id.*) Contrary to Amazon's argument, however, Esaadi's Complaint can fairly be read to reference the documents related to his EEOC charge and the EEOC's subsequent investigation (*see* Compl. ¶¶ 13-14), as well as the multiple performance write-ups he received (*id.* ¶ 9). Therefore, to the extent these attached documents are referenced in the complaint, the Court may properly consider them. (*See* Dkt. No. 16 at ECF p. 17-21, 29-30, 31-36, 47-51.)

**B. Esaadi's Failure to Properly Serve Amazon**

It is a plaintiff's responsibility to properly serve a defendant. *See* Fed. R. Civ. P. 4(c)(1). The relevant rule states plainly that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Serving a defendant with a copy of the complaint alone does not effect service in compliance with Rule 4. *See Al-Harbi v.*

*Coronado Country Club*, No. EP-04-CA-0285-DB, 2005 WL 1020893, at *1-2 (W.D. Tex. Apr. 29, 2005) (dismissing case where plaintiff failed to show that he served a summons with complaint).

Amazon asserts that Esaadi has not properly served it in this action because the papers served did not include a summons. (Mot. at 4-5.) The record supports its argument. The proof of service filed on February 23 does not show that Amazon was served with a summons. Rather, the proof of service that was filed is the form used for non-party subpoenas under Rule 45. (*See* Dkt. No. 9.) And the process server's declaration states that he received a subpoena for Amazon and delivered "the documents, SUBPOENA; COMPLAINT, to Amazon[.]" (*Id.*)

Esaadi does not address Amazon's argument about the failure to properly serve process in either his response or his second response. (*See generally* Dkt. Nos. 16, 18.) As such, Esaadi has failed to carry his burden to show that Amazon was properly served with process in this case, and Amazon's motion to dismiss can be granted on this basis.

When a Plaintiff shows good cause for the failure to serve a defendant within the 90-day period allowed in Rule 4(m), the court is required to extend the time for service. *See McAfee*, 2024 WL 5012063, at *1. "But if the plaintiff does not show good cause, then the 'court has two choices: it may dismiss the action without prejudice . . . *or* direct that service be effected within a specified time.'" *McAfee*, 2024 WL 5012063, at *1 (quoting *Kumar v. Kerry*, No. 3:13-CV-2455-B, 2014 WL

4798439, at *2 (N.D. Tex. Sept. 26, 2014) (cleaned up)). Here, the record reflects that Esaadi—a pro se litigant—has made diligent efforts to serve Amazon. (*See* Dkt. Nos. 6, 9.) And it is unclear whether the mistaken documentation concerning service of a subpoena instead of a summons was caused by Esaadi or the process server whom he employed.

In any event, dismissal for insufficient service under Rule 12(b)(5) is typically not appropriate "unless there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant" and is "usually without prejudice to allow plaintiff an opportunity to effect proper service." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007) (citations omitted). Because Amazon also moves for dismissal under Rule 12(b)(6) and the undersigned finds the motion should be granted for the reasons discussed below, dismissal under Rule 12(b)(5) is unnecessary at this time. *See Florance,* 500 F. Supp. 2d at 633 (denying defendants' motion to dismiss under Rules 12(b)(5) and 12(b)(2) because "dismissal for purposes of allowing plaintiff to serve defendants properly [was] unnecessary" when those same defendants "also filed motions to dismiss under Rule 12(b)(6)" that were granted). Accordingly, Amazon's motion to dismiss for insufficient service should be denied in favor of allowing Esaadi an opportunity to properly serve Amazon.

**C. Timeliness**

The undersigned assumes without deciding that Esaadi administratively exhausted his religious discrimination and hostile work environment claims. "A

person who brings a lawsuit alleging . . . discrimination under Title VII or alleging a violation of the ADEA must first exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ('EEOC')." *Bernard v. ATC VanCom*, No. 3:04-CV-1820-D, 2005 WL 139110, at *2 (N.D. Tex. Jan. 20, 2005). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Mueblas-Curtis v. American Airlines, Inc.*, No. 3:25-CV-1201-D, 2025 WL 3022852, at *4 (N.D. Tex. Oct. 29, 2025) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)). "It is well settled that courts may not entertain claims brought under Title VII as to which an aggrieved party has not first exhausted [his] administrative remedies." *Id.* (quoting *Kretchmer v. Eveden, Inc.*, No. 3:07-CV-1068-D, 2009 WL 854719, at *3 (N.D. Tex. Mar. 31, 2009)). Because failure to exhaust is an affirmative defense, Amazon can obtain dismissal on this basis only if it "appear[s] clearly on the face of the pleadings." *Id.* at *3 (internal quotation marks omitted). "But 'even if not referenced in the complaint and central to [Esaadi's] claims, the court can take judicial notice of the [EEOC] charge as a public record." *Id.* (quoting *West v. R&K Enter. Sols.*, No. 3:23-CV-1371-G-BN, 2024 WL 3891533, at *5 (N.D. Tex. July 19, 2024), *adopted*, 2024 WL 3891838 (N.D. Tex. Aug. 21, 2024)).

Amazon argues that Esaadi has not administratively exhausted claims for religious discrimination or hostile work environment under Title VII and has provided a copy of his EEOC charge to support its arguments. (Mot. at 12-14, 20-21;

D. App. 11.) In the charge, Esaadi did not complete the boxes to specify "Discrimination based on." (D. App. 11.) In the narrative, though, Esaadi stated that he was told that new trainees would not be disciplined for six weeks because they were getting used to the work, but he received multiple "write-ups" based on his slowness and the quality of his work. (D. App. 12.) He asked that his work be reevaluated because he believed he did meet his goals. (*Id.*) Although his managers expected him to perform the job as fast or faster than his peers, he asserted that his age prevented him from working at the same pace—"I am older than them and I cannot work at the same level as them." (*Id.*)

Esaadi also stated in the charge that "Sherry," an operations manager "proceeded to corner [him] and push toward [him], putting her breasts onto [his] chest." (D. App. 12.) Esaadi told her that he is a practicing Muslim and needed to have space between them, but she yelled at him. (*Id.*) Esaadi stated that, after mentioning his concerns to a supervisor, she said he was being "targeted" and would soon be terminated, which happened the following week. (D. App. 12.) In the "Discrimination Statement," Esaadi stated that he believed he was "discriminated against because of [his] age, 62," that he believed he was "retaliated against in violation of [the ADEA]," and that he believed he was "discriminated against because [he is] Middle Eastern and a male[.]" (D. App. 12-13.)

Nowhere in the charge did Esaadi expressly indicate that he believed he was the victim of discrimination based on his religion. He did not specify religion as a

basis of discrimination in the appropriate box, nor did he identify religion as a reason he believed he was terminated. The Court may find nonetheless that Esaadi exhausted a claim for religious discrimination if such a claim "could reasonably be expected to grow out of the facts [he] alleged in [his] administrative charge." *Byrne v. Lockheed Martin Corp.*, No. 4:22-CV-621-O, 2023 WL 11884594, at *3 (N.D. Tex. Mar. 4, 2023). Here, it is a close call whether, based on Esaadi's allegation that he needed separation because he is a practicing Muslim and with belief that he was discriminated based on national origin, would reasonably be expected to initiate an investigation for a claim of religious discrimination. Because Esaadi's claim for religious discrimination does not survive Rule 12(b)(6) scrutiny as explained below, the undersigned assumes at this stage that he has administratively exhausted the claim.

The undersigned also assumes that Esaadi exhausted a claim for hostile work environment harassment. Discrimination and harassment are distinct claims, and, "[f]or a claim of hostile work environment to reasonably be expected to grow out of an employee's charge of discrimination, the employee must allege more than just discrete acts of discrimination." *Trevino v. SAIA Motor Freight Line, LLC*, No. 4:20-CV-825-P-BP, 2021 WL 1009317, at *4 (N.D. Tex. Jan. 26, 2021), *adopted*, 2021 WL 977096 (N.D. Tex. Mar. 16, 2021). "Therefore, administrative exhaustion of a discrimination claim does not automatically exhaust a harassment claim." *Id.* In his charge, Esaadi did allege that he "experienced sexual harassment from Sherry," who

put her breasts onto his chest and yelled at him when he requested separation between them. (D. App. 12.)

**D. Esaadi fails to plausibly allege a discrimination claim under Title VII.**

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of race with respect to their compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2 (a)(1). This includes a prohibition against creating a hostile work environment that is "so pervaded by discrimination that the terms and conditions of employment [are] altered." *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013) (citing *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993)).

To establish a prima facie case for disparate treatment discrimination claims, a plaintiff must show that he (1) "is a member of a protected class"; (2) "was qualified for [his] position"; (3) "suffered an adverse employment action"; and (4) "others similarly situated were more favorably treated." *Rutherford v. Harris County*, 197 F.3d 173, 184 (5th Cir. 1999). Once the plaintiff establishes the prima facie case, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the employment action." *Rutherford*, 197 F.3d at 184. Then, "the plaintiff counters by offering evidence that the legitimate, non-discriminatory reasons are really a pretext for discrimination." *Id.* at 180 (quoting *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 337 (5th Cir. 1999)).

But "a plaintiff need not make out a prima facie case of discrimination [under *McDonnell Douglas*] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Courts use the *McDonnell Douglas* framework to assess the ultimate proof that a plaintiff must furnish to show disparate treatment or retaliation under each of the statutes governing Esaadi's claims. *See e.g.*, *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *3 (5th Cir. Oct. 8, 2024) (unpublished) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973); *Thomas v. Texas Dep't of Crim. Just.*, 220 F.3d 389, 393 (5th Cir. 2000) (Title VII); *Allen v. United States Postal Serv.*, 63 F.4th 292, 300-01 (5th Cir. 2023) (ADEA)); *see also Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023).

A plaintiff who lacks direct evidence of discriminatory or retaliatory motive can establish a prima facie case by making certain showings under *McDonnell Douglas*. S*mith*, 2024 WL 4442040, at *3; *Allen*, 63 F.4th at 300-01. A plaintiff must plead two "ultimate elements" in order "to support a disparate treatment claim . . . : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [a] protected status.'" *Thomas v. Dallas Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quoting in turn *Raj*, 714 F.3d at 331) (emphasis in *Cicalese*). Similarly, for a retaliation claim, a plaintiff only needs to plausibly "allege facts going to the ultimate elements of the claim to survive a motion to dismiss."

*Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (quoting *Cicalese*, 924 F.3d at 768).

"In [all these] context[s], '[a] court . . . inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss.'" *Smith*, 2024 WL 4442040, at *4 (quoting *Cicalese*, 924 F.3d at 767).

Even construing Esaadi's Complaint in the most favorable light, his scant and conclusory allegations fail to state plausible claims for race, national origin, or religious discrimination under Title VII, or that he was subjected to a hostile work environment in violation of Title VII.

**1. Esaadi has failed to plausibly plead disparate treatment based on race or national origin.**

As an initial matter, Esaadi's complaint fails to state a plausible claim for race and national origin discrimination because he fails to even identify his race or national origin in the complaint. *See Gaumond v. City of Dallas*, No. 3:21-CV-00624-E, 2023 WL 2061170, at *4 (N.D. Tex. Feb. 15, 2023) ("Plaintiff makes a vague reference to being treated differently based on national origin but fails to identify his national origin. Thus, he has not stated a plausible claim for discrimination based on national origin under Title VII.").

Esaadi vaguely claims that during his employment, a manager "approached [him] in an inappropriate and harassing manner" and asked personal questions about his race, national origin, age, and religion. (Compl. ¶ 7.) He does not allege when

during his three-month tenure at Amazon this incident occurred, nor does he allege that it happened more than once. At best, this constitutes nothing more than a mere stray remark, which is not evidence of age discrimination. *See E.E.O.C. v. Texas Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996) (vague or indirect comments on a protected characteristic are merely "stray remarks" that do not demonstrate age discrimination). "Mere stray remarks, however distasteful, do not demonstrate discriminatory animus." *Read v. BT Alex Brown Inc.*, 72 F. App'x. 112, 120 (5th Cir. 2003) (citing *Texas Instruments Inc.*, 100 F.3d at 1181). To be evidence of discrimination, comments must be: "(1) related to the protected class of persons of which plaintiff is a member; (2) proximate in time to the complained-of-adverse employment decision; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue. Comments that do not meet these criteria are considered stray remarks." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010).

Here, Esaadi does not specifically identify what "personal questions" the "manager" asked about his race and national origin; he does not allege that the "manager" had any supervisory authority over work assignments, disciplinary actions, or termination. Accordingly, this alleged isolated incident of a "manager asking personal questions" about Esaadi's race and national origin constitute nothing more than stray remarks which are not evidence of discrimination. *See Texas Instruments Inc.*, 100 F.3d at 118; *Jackson*, 602 F.3d at 380. Therefore, Esaadi fails to

allege facts sufficient to state a claim for race or national origin discrimination under Title VII.

**2. Esaadi has failed to plausibly plead disparate treatment based on religion.**

Although Esaadi asserts a claim for religious discrimination, his Complaint lacks any factual allegations to support such a claim. (*See generally* Compl.) In fact, Esaadi does not even identify his religion in his Complaint. (*See id*.) Nor does Esaadi assert any allegations that he was treated disparately because of his religion. Although Esaadi states in his EEOC charge that he told manager "Sherry" that he is a practicing Muslim (*see* D. App. 12), he still fails to identify any disparate treatment based on his religion. A plaintiff's subjective belief of discrimination, however genuine, and conclusory statements cannot be the basis of judicial relief. *See Jones v. Gulf Coast Rest. Grp., Inc.*, No. 21-60052, 2021 WL 3465000, at *4 (5th Cir. Aug. 6, 2021).

Because Esaadi has failed to assert his own religion or allege that other similarly situated non-Muslim employees were treated more favorably, the undersigned cannot reasonably infer that any adverse employment action against Esaadi was taken because of his religion. Accordingly, Esaadi's religious discrimination claim fails as a matter of law. *See Norman v. Beaumont Indep. Sch. Dist.*, No. 1:24-CV-00007, 2025 WL 1179983, at *12 (E.D. Tex. Mar. 19, 2025) (plaintiff's religious discrimination claim dismissed under Rule 12(b)(6) where he failed to allege in his complaint that other similarly-situated non-religious employees

were treated more favorably than him), *aff'd*, No. 25-40215, 2026 WL 1180537 (5th Cir. Apr. 30, 2026); *see also Saunders v. Houston Foam Plastics*, No. SA-23-CV-00156-XR, 2023 WL 3313118, at *4 (W.D. Tex. May 5, 2023) (dismissing plaintiff's religious discrimination claim under Title VII "[b]ecause he failed to assert his own religious affiliation or identify an appropriate comparator outside of his religion"); *Akanno v. Med. City McKinney*, No. 4:23-CV-1054-ALM-KPJ, 2024 WL 4272936, at *6 (E.D. Tex. Aug. 28, 2024) (dismissing religious discrimination claim where plaintiff "has neither identified her religion, nor has she alleged any facts from which an inference may be drawn as to her religion," and therefore, "the Court cannot draw any reasonable inference that the adverse employment action was taken because of her religion."), *adopted*, 2024 WL 4267190 (E.D. Tex. Sept. 23, 2024).

As with his claim for race or national origin discrimination, Esaadi fails to allege facts sufficient to state a claim for religious discrimination under Title VII.

**3. Esaadi has failed to plausibly plead a claim for hostile work environment.**

"Hostile work environment is a specific discrimination claim under Title VII." *Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 18-19 (1993)). "When a 'workplace is permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," Title VII is violated.'" *Id.* (quoting *Harris*, 510 U.S. at 21 (quoting, in turn, *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986))).

To state a claim for hostile work environment, a plaintiff must allege that she: "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on [a protected status]; (4) the harassment complained of affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Burchfield v. S. La. Med. Assocs.*, Civ. A. No. 23-1501, 2023 WL 5952183, at *11 (E.D. La. Sept. 13, 2023) (quoting *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012)); *compare Raj v. La. State Univ.*, 714 F.3d 322, 330-31 (5th Cir. 2013) ("A hostile work environment claim . . . necessarily rests on an allegation that an employer has created a working environment heavily charged with discrimination." (cleaned up)); *Pfang v. Lamar Inst. of Tech.*, 685 F. Supp. 3d 425, 444 (E.D. Tex. 2023) ("The ultimate elements of a hostile work environment claim are an employer has created a working environment heavily charged with discrimination." (cleaned up)), *with Jasso v. Midland-Odessa Transit Mgmt., Inc.*, MO:22-CV-00250-DC-RCG, 2023 WL 6474435, at *2 (W.D. Tex. Sept. 19, 2023) ("To survive a motion to dismiss, a plaintiff pleading a claim for hostile work environment must plead two 'ultimate elements': 1) an adverse employment action, 2) taken against a plaintiff because of her protected status." (citing *Cicalese*, 924 F.3d at 767)).

For harassment to be actionable, it must be sufficiently severe or pervasive "to alter the conditions of [the victim's] employment and create an abusive working

environment." *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Meritor Sav. Bank*, 477 U.S. at 67). In determining whether an environment is "hostile" or "abusive," courts look at the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Harris*, 510 U.S. at 23). Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to a claimant's protected trait, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. *See EEOC v. Boh Bros. Constr. Co., L.L.C.*, 731 F.3d 444, 461 (5th Cir. 2013).

A hostile work environment must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so." *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998); *Harris*, 510 U.S. at 21-22; *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 263–64 (5th Cir. 1999). The objectionable conduct must affect the "conditions" of the alleged victim's employment. *Oncale v. Sundowner Offshores Svcs., Inc.*, 523 U.S. 75, 81 (1998). The legal standard requires proof of severe or pervasive conduct that can be characterized as "extreme." *See Faragher*, 524 U.S. at 788. As the Supreme Court explained, Title VII is not a general civility code for the American workplace and does not prohibit all perceived harassment in the

workplace. *See Faragher*, 524 U.S. at 788; *Oncale*, 523 U.S. at 79–80. A plaintiff must plausibly plead that the alleged harassment is sufficiently severe or pervasive. *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 248 (5th Cir. 2025) (affirming dismissal of a hostile work environment claim under Title VII).

Courts analyze whether harassment is sufficiently severe or pervasive by asking whether a reasonable person would find the conduct to be hostile or abusive. *See Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399–400 (5th Cir. 2021). A hostile work environment exists when a workplace is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Id.* at 399. Conduct is not sufficiently severe or pervasive unless the conduct rises to the level that it can be considered to affect a term or condition of employment. *Id.*

Esaadi's race, national origin and religious-based hostile work environment claims fail to meet the type of egregious and insensitive conduct necessary to state a plausible claim for hostile work environment under Title VII. His conclusory assertions that at some unspecified time, a manager approached him in an "inappropriate and harassing manner" by "[a]sking personal questions about [his] race, national origin, age, and religion," as well as "[i]nvading [his] personal space and engaging in unwelcome physical conduct" and "[a]ddressing [Esaadi] in a hostile and intimidating tone" fail to state a plausible claim for harassment as a matter of law. Esaadi does not allege any facts showing that he was subjected to

unwelcome harassment based on his race, national original, or religion that was severe or pervasive enough to constitute actionable harassment.

For instance, Esaadi does not allege any specific facts suggesting he was subjected to any extremely offensive discriminatory comments, hostility, physically threatening conduct, intimidating or insensitive conduct, or other severe/egregious conduct based on his race, national origin, or religion on a frequent or ongoing basis. To the contrary, Esaadi's Complaint is devoid of any specific allegations relating to his hostile work environment claim, including the nature of the alleged harassing conduct, the frequency of the alleged harassing conduct, whether it was physical in nature, or how it unreasonably interfered with his work performance. *See Tran v. Hous. Housing Auth. Corp.*, No. 4:25-cv-149, 2025 WL 3906503, at *5 (S.D. Tex. Dec. 19, 2025) (dismissing plaintiff's national origin hostile work environment claim where he failed to allege factual particulars regarding the frequency of the claimed harassment to adequately establish it was severe or pervasive), *adopted*, 2026 WL 67165 (S.D. Tex. Jan. 8, 2026); *Raj*, 714 F.3d at 330-31 (affirming dismissal under Rule 12(b)(6) where plaintiff did "not allege any connection between his race and national origin and the harassment alleged in the complaint, [so] he has not pled a claim for hostile work environment that raises his right to relief 'above the speculative level'").

Esaadi's Complaint is also devoid of any factual allegations that could plausibly establish severe or pervasive conduct for an actionable hostile work

environment claim. *See Faragher*, 524 U.S. 775 at 787 ("'Discourtesy or rudeness should not be confused with actionable…harassment'" and "'a lack of . . . sensitivity does not alone amount to actionable harassment.'"). Nor do Esaadi's conclusory allegations constitute the type of severe or pervasive conduct necessary to establish an actionable claim of hostile work environment, i.e., an environment that a reasonable person would objectively find to be discriminatorily hostile or abusive. *See Harris*, 510 U.S. at 21; *Faragher*, 524 U.S. at 781; *see also Allen v. Amazon*, No. 3:24-CV-2846-D, 2025 WL 3059629, at *6 (N.D. Tex. Nov. 3, 2025) (dismissing plaintiff's hostile work environment claims under Title VII and the ADA because plaintiff's conclusory assertions lacked factual detail and were insufficient to enable the court to reasonably infer he experienced severe or pervasive harassment on account of his race or disability where he allege the defendant subjected him "to a hostile work environment characterized by repeated discriminatory treatment and failure to accommodate Plaintiff's needs").

Because Esaadi's conclusory assertions lack factual detail, they are insufficient to enable the undersigned to reasonably infer that Esaadi experienced severe or pervasive harassment. Therefore, Esaadi fails to state a plausible claim for race, national origin, and religious-based hostile work environment under Title VII and these claims should be dismissed pursuant to Rule 12(b)(6). *See, e.g.*, *Armstrong v. Ashley*, 60 F.4th 262, 276 (5th Cir. 2023) (affirming dismissal where plaintiff's

allegations were pleaded "in a conclusory fashion without meaningful factual content").

**E. Even accepting Esaadi's allegations as true, the undersigned cannot reasonably infer that any adverse employment action occurred because of Esaadi's age or because he engaged in a protected activity.**

Esaadi's ADEA claims include as an ultimate element that Esaadi suffered an adverse employment action. The ADEA makes it unlawful for an employer to discriminate against an individual based on age or "because such individual . . . has opposed any practice made unlawful" by the ADEA. 29 U.S.C. § 623(a)(1), (d).

And for retaliation claims, to establish a prima facie case a plaintiff must show (1) "she engaged in protected activity"; (2) "she suffered an adverse employment action"; and (3) "a causal link exists between the protected activity and the adverse employment action." *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021); s*ee also Ayodeji Awe v. Harris Health Sys.*, 163 F.4th 969, 972 (5th Cir. 2026) (the standards and prima facie case for establishing a retaliation claim under Title VII and the ADEA "mirror one another.").

An adverse employment action "need only be a term, condition, or privilege of employment." *Hishon v. King & Spalding*, 467 U.S. 69, 77 (1984). "This element has been the subject of great change recently in the Fifth Circuit." *See, e.g.*, *Johnson-Lee v. Texas A&M Univ. - Corpus Christi*, 729 F. Supp. 3d 709, 718 (S.D. Tex. 2024). Until recently, only "ultimate employment decisions" could constitute an adverse

employment action giving rise to liability in the Fifth Circuit. *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023) (en banc).

In *Hamilton*, the United States Court of Appeals for the Fifth Circuit "made clear that Title VII requires a broader reading than [its] 'ultimate employment decision' line of cases permitted and thus 'end[ed] that interpretive incongruity' by removing that requirement." *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 428 (5th Cir. 2023). As this Court has found, *Hamilton*'s holdings as to Title VII, and as applied in subsequent decisions, are applicable to the ADEA. *See Farlow v. L3 Commc'ns Integrated Sys. LP*, No. 3:23-cv-1661-B, 2024 WL 3683717, at *4 (N.D. Tex. Aug. 6, 2024) ("Because the ADEA also includes the same catch-all 'terms, conditions, or privileges of employment' language as contained in Title VII, the holdings in *Hamilton* and *Harrison* expanding the definition of adverse employment action likely also apply to claims brought under the ADEA.

And, although "*Hamilton* recognized that Title VII 'does not permit liability for *de minimis* workplace trifles,'" the Court of Appeals "declined to address 'the precise level of minimum workplace harm' necessary to sustain a discrimination claim.'" *Yates v. Spring Indep. Sch. Dist.*, 115 F.4th 414, 420 (5th Cir. 2024) (quoting *Hamilton*, 79 F.4th at 506); *see also Fleming v. Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P.*, SA-21-CV-01234-XR, 2024 WL 1055120, at *12 (W.D. Tex. Mar. 11, 2024) ("Although the Fifth Circuit declined to provide a minimum standard for adverse actions in *Hamilton*, it later clarified in *Harrison* that an adverse employment

action requires: (1) employment discrimination – the 'adversity' requirement – that (2) causes the plaintiff a non-*de minimis* injury – the 'materiality' requirement. The materiality requirement ensures that the Fifth Circuit's relaxed definition of adversity will not 'transform Title VII into a general civility code for the American workplace.' The challenged action must not only 'involve a meaningful difference in the terms of employment' but also 'injure the affected employee.'" (cleaned up)).

In support of his age discrimination claim, Esaadi alleges that he was not provided with robotic carts while "younger co-workers (ages 18-25) continued to receive full workloads via robotic carts." (*See* Compl. ¶¶ 9-10.) He also alleges that he received false disciplinary write-ups, and his termination for poor performance was a pretext for discrimination. (*Id.* ¶¶ 9, 12.) Amazon argues in response that these allegations do not constitute an adverse employment action. (*See* Mot. at 10-11.) But *Hamilton* appears to have abrogated the precedent cited by Amazon. *See id.* (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (placing employee on paid leave was not an adverse employment action, *abrogated by Hamilton*, 79 F.4th at 494); *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019) ("mere 'loss of some job responsibilities' does not constitute an adverse employment action"), *abrogated by Hamilton*, 79 F.4th at 494 (5th Cir. 2023).)

In *Hamilton*, female correctional officers brought claims against the County for sex discrimination after the County changed their shift schedule from seniority-based to sex-based and prevented the female officers from taking both weekend days off.

*Hamilton*, 79 F.4th at 497. The Fifth Circuit concluded that the female officers plausibly alleged discrimination because the days and hours employees are assigned to work are quintessential "terms or conditions" of employment because they "go to the very heart of the work-for-pay arrangement." *Id*. at 503 (internal citations omitted). Like the time-shifts in *Hamilton*, access to robotic carts could be considered an essential term or condition of Esaadi's productivity-based employment with Amazon because it "go[es] to the very heart of the work-for-pay arrangement." *See id*. at 503.

In any event, however, Esaadi was ultimately terminated for poor performance, which he alleges was "a pretextual reason used to conceal retaliation and discrimination based on age, race, national origin, and religion." (Compl. ¶12.) Because Esaadi was discharged from his position, he has alleged the adverse-employment-action requirement for the purpose of resolving this motion to dismiss. But Esaadi still must allege facts to show, or that raise a reasonable inference, that an adverse action occurred because of his age (as to disparate treatment under the ADEA), or because of his race, national origin, or religion (as to the same under Title VII), or because he engaged in an activity protected by the ADEA or Title VII (as to retaliation).

And, as to these claims, Esaadi is not required to, at this stage, to "establish[ ] a prima facie case . . . under the framework set forth . . . in *McDonnell Douglas*." *Norsworthy*, 70 F.4th at 336. And the Court may not subject his "allegations to a

rigorous factual or evidentiary analysis under [that] framework in response to a motion to dismiss." *Cicalese*, 924 F.3d at 767 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Even so, "when a complaint purports to allege a case of circumstantial evidence of discrimination, it may be helpful to refer to *McDonnell Douglas* to understand whether a plaintiff has sufficiently pleaded an adverse employment action taken "because of" his protected status as required under *Swierkiewicz*." *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (emphasis in original); *see also Norsworthy*, 70 F.4th at 336 (Because "a plaintiff is still required to plead sufficient facts on all of the ultimate elements of her claim," "to frame that inquiry, a district court may find it helpful to reference *McDonnell Douglas*." (cleaned up)).

Esaadi's contentions as to the cause of his termination rest on circumstantial evidence. And even accepting Esaadi's evidence as true at this stage, as non-conclusory factual allegations, does not allow the undersigned to plausibly infer that an adverse action occurred because of a protected status or because Esaadi engaged in a protected activity.

An employee engages in a protected activity under Title VII or the ADEA if he opposes any practice made an unlawful employment practice under Title VII or the ADEA. *See Adams v. Vaughn*, No. 3:18-CV-1109-B-BT, 2019 WL 1003845, at *3 (N.D. Tex. Feb. 12, 2019) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007)), *adopted*, 2019 WL 1001213 (N.D. Tex. Mar. 1, 2019). The Fifth

Circuit has "consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII [or the ADEA], does not constitute protected activity." *Wright v. Chevron Phillips Chem. Co*, 734 F. App'x 931, 935 (5th Cir. 2018) (internal citations omitted).

All that Esaadi has alleged is that he made an unspecified report to HR after "a manager identified as Ms. Sherry Willenborg approached [him] in an inappropriate and harassing manner by asking personal questions about his race, national origin, age, and religion," "invad[ed] his personal space and made unwelcome physical contact," and "address[ed] him in a hostile and intimidating tone." (Compl. ¶¶ 7-9.) Esaadi does not indicate when these events occurred or identify the specific questions Ms. Willenborg asked about his race, national origin, age, and religion. (*See id*.)

Nor does Esaadi identify whether Ms. Willenborg had any decision-making authority with respect to assignment of robotic carts, issuance of disciplinary write-ups, or termination of Esaadi's employment. As such, Esaadi's allegations are "random puffs of smoke but nothing resembling real signs of" age-based discrimination. *See Stancu v. HRI Lodging/Hilton Garden Inn*, No. 3:23-CV-2566-K-BN, 2024 WL 5294663, at *1 (N.D. Tex. Nov. 20, 2024) (citing *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.")), *adopted*, (N.D. Tex. Jan. 7, 2025), *aff'd*, No. 25-10242, 2025 WL 2126626 (5th Cir.

July 29, 2025); *see also Owen v. STMicroelectronics, Inc.*, No. 3:15-cv-1186-B, 2016 WL 2757368, at *5 (N.D. Tex. May 12, 2016) ("[B]ecause liability for disparate treatment under the ADEA depends on whether age actually motivated the employer's decision, a plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of the plaintiff's age."); *Farlow v. L3 Commc'ns Integrated Sys. LP*, No. 3:23-CV-01661-B, 2024 WL 3683717, at *4 (N.D. Tex. Aug. 6, 2024) (allegations of "humiliating and berating treatment" without any facts linking termination to age-based discriminatory animus was insufficient to conclude that the employee was terminated because of his age).

When a "[p]laintiff alleges no facts other than the fact he was denied opportunities, [his] bare assertions, without more, are 'not enough to allow [his] claims of age discrimination to proceed.'" *Gaines v. City of Dallas*, No. 3:17-CV-1867-L, 2018 WL 7078541, at *4 (N.D. Tex. Dec. 28, 2018), *adopted*, 2019 WL 266855 (N.D. Tex. Jan. 18, 2019) (citing *Lacey v. City of Desoto Texas*, No. 3:04-CV-1277-M, 2005 WL 17656, at *3 (N.D. Tex. Jan. 3, 2005) (finding that the plaintiff did not sufficiently state a claim for age discrimination)). Esaadi must allege some non-conclusory facts to show that he was terminated or denied robotic carts because of his age, and he does not do so. Accordingly, these allegations do not show "above the speculative level" that Esaadi was terminated because of his age or because he participated in a protected activity related to his age. *Twombly*, 550 U.S. at 555.

Esaadi alleges that his non-assignment of robotic carts and issuance of disciplinary write-ups began "shortly after [his] complaint" and that he was subsequently terminated on December 8, 2023, but here again he fails to provide any specific dates or other details to support his allegations. Esaadi does not describe what he reported to HR or when the report was made, nor does he allege that his report to HR was ever communicated to any decisionmaker. (*See generally* Compl.) "Although the plaintiff's burden at the prima facie stage is not onerous, the plaintiff must produce at least some evidence that the decisionmakers had knowledge of his protected activity." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003). In this case, Esaadi's Complaint contains no plausible allegations to suggest that any decision maker was aware of his alleged protected activity or otherwise causally connecting any alleged adverse employment action to engagement in a protected activity.

Furthermore, Esaadi's allegation, based on his belief that he "consistently performed his job duties in a satisfactory manner and received positive feedback" (Compl. ¶ 6), and therefore his termination for poor performance could only be a pretext (*Id.* ¶ 12) is not plausibly supported by the record. *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Jones*, 2021 WL 3465000, at *4 (finding that evidence in the record supported the employer's asserted reason for termination and not the plaintiff's

claims of pretext); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 408 (5th Cir. 1999) ("Merely disputing" the employer's assessment of the plaintiff's work performance "will not necessarily support an inference of pretext")

As noted above, Esaadi's tenure with Amazon was only two months, and his own evidence establishes that that he received multiple "write-ups" based on his slowness and the quality of his work—the first less than two weeks after his start date on October 16, 2023. (*See* D. App. 11.) Esaadi also admitted that his age prevented him from working at the same pace as his peers: "I am older than them and I cannot work at the same level as them." (D. App. 12.) Thus, even drawing all reasonable inferences in Esaadi's favor—as the Court is bound to do at this stage—the record tends to support Amazon's asserted reason for Esaadi's termination rather than Esaadi's claims of pretext. *Jones*, 2021 WL 3465000, at *4. Accordingly, Esaadi has failed to plausibly allege that he suffered an adverse employment action "*because of* [his] protected status." *Cicalese*, 924 F.3d at 767.

Based on the foregoing, Esaadi's retaliation claim fails on all three elements. Therefore, his retaliation claims under Title VII and the ADEA should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. *See Richards v. JRK Property Holdings*, 405 F. App'x 829, 830 (5th Cir. 2010) (affirming dismissal of Title VII discrimination and retaliation claims that were not plausible on their face); *Phillips*, 2011 WL 2680725, at *8 (dismissing retaliation claim when plaintiff failed to allege

facts giving rise to plausible claim of causal connection between protected activity and adverse employment action).

Because Esaadi fails to plausibly allege a disparate treatment claim based on age or a retaliation claim based on any protected activity, these claims should be dismissed.

**F. Esaadi should be allowed to replead some of his claims.**

The Fifth Circuit advises courts to give pro se plaintiffs reasonable opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). District courts therefore typically allow pro se plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

"[T]he grant of leave to amend the pleadings pursuant to [Federal Rule of Civil Procedure 15(a)] is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Under Rule 15(a)(2), "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a)'s liberal amendment policy compels that leave to amend should be granted absent some justification for refusal, such as undue delay, bad faith, dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments

previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment." *Kirkland v. Racetrac Petroleum, Inc.*, No. 3:13-CV-1754-N, 2014 WL 982852, at *4 (N.D. Tex. Mar. 13, 2014) (citing *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir.2003)). The Court, however, need not grant leave to amend "'if the plaintiff has already pleaded his best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Here, the undersigned believes it would be appropriate to allow Esaadi one opportunity to amend his claims for age discrimination and retaliation under the ADEA. Based on objective facts in the record, however, Esaadi should not be permitted to replead his Title VII claims for disparate treatment based on race, national origin, and religion, his Title VII hostile work environment claim, or his Title VII retaliation claim. With respect to these claims, Esaadi has failed to allege sufficient facts to state a claim for relief, and although a pro se plaintiff's pleadings are held to less stringent standards than pleadings drafted by lawyers, *Estelle*, 429 U.S. at 106, those "pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal." *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 747 (N.D. Tex. 2013) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992)). In this case the deficiencies in Esaadi's Complaint as to these claims are substantial and appear to reflect the nonexistence of facts rather than mere drafting failures by a pro se litigant. *See Coleman*, 969 F. Supp. 2d at 747. Under these circumstances, allowing Esaadi another opportunity to amend these claims

would be futile. *See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997).

To successfully move forward with his case, Esaadi's amended complaint must include well-pleaded facts to plausibly state a claim for age discrimination and retaliation under the ADEA. Such facts must be specific, clear, and precise. Furthermore, Esaadi is instructed that the Court will consider his amended complaint to be his best pleaded case. *See Reliance Ins. Co. v*, 110 F.3d at 258 ("[J]udges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.") (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Amazon's motion to dismiss (Dkt. No. 13) be **GRANTED** in part and **DENIED** in part as follows:

Amazon's motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5) should be **DENIED**, and Esaadi should be ordered to properly serve Amazon within 21 days of the District Judge's acceptance of these findings, conclusions, and recommendation or another date established by the District Judge. If Esaadi fails to serve Amazon within the time allowed, his lawsuit should be dismissed without prejudice.

Amazon's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) should be **GRANTED**. Esaadi's Title VII claims for disparate treatment based on race, national origin, and religion, hostile work environment, and retaliation should be dismissed with prejudice. As to his age discrimination and retaliation claims under the ADEA, however, Esaadi should be allowed to file an amended complaint only as to these claims within 30 days of the District Judge's resolution of these findings, conclusions, and recommendations.

**SO RECOMMENDED** on August 14, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).